```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :
LESTER ROBINSON, et al.,             :
                                     :
                    Plaintiffs,      :
                                     :      10 Civ. 2163-BSJ-HBP
          v.                         :
                                     :      Opinion and Order
CITY OF NEW YORK, et al.,            :
                                     :
                    Defendants.      :
                                     :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Defendants have moved to dismiss the Complaint as it pertains to Edwina Morgan, Clarieta Nelson, Berniel Berry, Harold Diaz, Calvin Porter, James Moore, Eddie Liles, Mary Flowers, and Charles Schweitzer ("Defaulting Plaintiffs") for failure to prosecute pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). For the reasons stated below, the motions filed by the City of New York ("City") and Administration for Children's Services ("ACS"), District Council 37 ("DC 37"), and Social Services Employees Union Local 371 ("Local 371") are hereby GRANTED.

### BACKGROUND

Thirteen plaintiffs, all former ACS employees who were laid off in July 2008, brought this lawsuit against the City and ACS (together "City Defendants"), DC 37, and Local 371, alleging their employment was terminated for discriminatory reasons in

violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.), 42 U.S.C §§ 1981, 1983, and 1985, the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621, et seq.), the Americans with Disabilities Act (42 U.S.C. §§ 12101, et seq.), the New York State Human Rights Law, Executive Law, Article 15, § 296, and New York City Administrative Code Section 8 Human Rights Law N.Y.C. Admin. Code §§ 8-101 et seq.).

The Complaint was filed on March 11, 2010.  City Defendants served interrogatories and document requests on Plaintiffs' counsel on October 14, 2010.  DC 37 served interrogatories and document requests on Plaintiffs' counsel on December 14, 2010.  Local 371 served interrogatories and discovery requests on Plaintiffs' counsel on December 21, 2010.

City Defendants wrote to Plaintiffs' counsel on December 23, 2010, and again on January 6, 2011, reminding Plaintiffs' counsel that they had not yet received any responses to their discovery requests, which were overdue.  Waters Decl. ¶ 6.  When it was clear responses to their requests were not forthcoming, City Defendants submitted a letter to Magistrate Judge Pitman on January 10, 2011, regarding Plaintiffs' failure to respond to the October 14 discovery requests.  Waters Decl. ¶ 10.  The next day, DC 37 and Local 371 contacted Plaintiffs' counsel separately to inquire whether Plaintiffs' counsel intended to respond to their discovery requests before the approaching

2

deadlines.  Klein Decl. ¶ 8; Spivak Decl. ¶ 7.  Contact with Plaintiffs' counsel did not yield any results, and Defendants requested a conference with the Court.  Spivak Decl. ¶ 7.

At a conference before Judge Pitman on January 20, 2011, Plaintiffs' counsel reported that, beginning in October, she had unsuccessfully attempted to obtain responses from her clients to the various outstanding discovery requests.  Hr'g Tr. 4:3-5.  Plaintiffs' counsel also reported that she sent a letter on December 27, 2010, to twelve of the thirteen plaintiffs to find out whether they intended to continue with the litigation.  Id. at 4:11-15.  In response to this letter, Plaintiffs' counsel received one written notification and five verbal notifications from plaintiffs informing counsel that they wanted to withdraw from the case.  Id. at 4:21-5:5.  Six recipients did not respond to the letter.  Id.  Judge Pitman said that he planned to issue an opinion and instructed Plaintiffs' counsel to ensure delivery of the written order to the plaintiffs.  Id. at 7:3-7.

Following the conference, Judge Pitman issued an order which stated, in relevant part:

> Plaintiffs are directed to respond to the outstanding interrogatories and document requests served by the City and DC 37 no later than February 7, 2011.  **Plaintiffs are currently in default in responding to these requests and are hereby warned that an unjustified failure to respond to the interrogatories and document requests by February 7, 2011 will result in the imposition of sanctions that may include the**

3

> dismissal of the claims of any defaulting plaintiff. Given the current duration of plaintiffs' default (approximately sixty days with respect to the City's discovery requests), a plaintiff's intention to retain new counsel will NOT constitute good cause for a failure to respond to the interrogatories and document requests by February 7, 2011.[1]

Order dated January 20, 2011 (emphasis in original).

As of February 7, 2011, Defaulting Plaintiffs had failed to respond to any of Defendants' discovery requests. City Defendants, DC 37, and Local 371 submitted their motions to dismiss on April 14, 2011, May 13, 2011, and August 17, 2011, respectively. As of the date of this opinion, Defendants' discovery requests remain unanswered.

## DISCUSSION

### I. Applicable Legal Standards

Rule 37(b) provides that a court may impose sanctions, including dismissal, against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. Proc. 37(b)(2). Dismissal with prejudice is a "harsh remedy and is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). To justify dismissal under Rule 37(b), a court must find that the uncooperative party failed to comply with a discovery order "willfully, in bad faith, or through fault," Baba v. Japan Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997),

---

[1] The conference took place three days before the deadline to respond to Local 371's requests; therefore, the January 20 order did not include them. Hr'g Tr. 13:7-11. The Court will address Local 371's motion separately.

and that the noncompliant party had notice of the possible consequences of their failure to obey an order, Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990). The noncompliant party's "persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault." Masi v. Steely, 242 F.R.D. 278, 285 (S.D.N.Y. 2007).

Under Rule 41(b), a court may dismiss a complaint "for failure of the plaintiff to prosecute or to comply with . . . any order of court. . . ." Fed. R. Civ. Proc. 41(b). Proper dismissal under Rule 41(b) requires consideration of the following factors: (1) the duration of the period of noncompliance; (2) whether the noncompliant party was on notice that failure to obey would result in dismissal; (3) whether the other party would be prejudiced by further delay; (4) a balancing of the court's interest in judicial efficiency with the noncompliant party's interest in having an opportunity to be heard; and (5) whether less drastic sanctions have been considered. Sterling Promotional Corp. v. Gen. Acc. Ins. Co. of New York, 86 F. App'x 441, 443 (2d Cir. 2004); Spencer v. Doe, 139 F.3d 107, 112-13 (2d Cir. 1998).

The difference between dismissals under Rule 37(b) and those under Rule 41(b) is minimal, and the Second Circuit has acknowledged they are guided principally by the same analysis.

See Peters-Turnbull v. Board of Educ. Of City of New York, 7 F. App'x 107, 110 (2d Cir. 2001) (quoting district court which noted "there is little distinction whether the dismissal is technically made under Rule 41 or Rule 37").

**II. City Defendants and DC 37**

There is no question that Defaulting Plaintiffs were given the opportunity to prosecute their claims. On February 7, Defaulting Plaintiffs were represented by counsel[2] and had either expressed affirmatively a desire to discontinue prosecution, or had simply ignored Plaintiffs' counsel's attempts to obtain responses. Defaulting Plaintiffs' persistent failure to comply with Judge Pitman's order constitutes sufficient evidence of willfulness. Masi, 242 F.R.D. at 285.

When City Defendants moved to dismiss the complaint, Defaulting Plaintiffs had been noncompliant with Judge Pitman's order for more than two months. The period of noncompliance had extended to three months by the time DC 37 filed its motion to dismiss. As of the writing of this opinion, Defaulting Plaintiffs have been noncompliant with Judge Pitman's order for well over nine months. The duration of Defaulting Plaintiffs'

---

[2] Judge Pitman granted Plaintiffs' counsel's Motion to Withdraw as Counsel for twelve of thirteen plaintiffs, including all Defaulting Plaintiffs, on March 7, 2011, a month after the court-ordered deadline for responding to Defendants' requests. Dkt. 16. In his January 20 order, Judge Pitman addressed the possibility that plaintiffs might seek new counsel in the future, and stated explicitly that looking for new counsel would not justify failure to participate in discovery. January 20 Hr'g Tr. 7:20-21.

6

failure to comply with Judge Pitman's order weighs heavily in favor of dismissal.  See Grande v. Gristede's Food's, Inc., 2011 WL 4716339, *3 (S.D.N.Y. Oct. 7, 2011) (noting that "[t]here is no time frame specifically identifying the point at which a Rule 41(b) dismissal is warranted," and that "[i]n general . . . durations of five to eight months are usually sufficient").

In his January 20 order, Judge Pitman stated very clearly that "unjustified failure to respond to the interrogatories and document requests by February 7, 2011 will result in the imposition of sanctions that may include the dismissal of the claims of any defaulting plaintiff."  There is no question that Defaulting Plaintiffs were put on notice that failure to comply with Judge Pitman's order could result in dismissal of their claims.  This factor provides additional support for dismissal.

Defaulting Plaintiffs' failure to respond in any way to Defendants' discovery requests has crippled Defendants' ability to prepare any defense against Defaulting Plaintiffs' claims. Defaulting Plaintiffs' failure to comply with Judge Pitman's order and the rules of discovery has clearly prejudiced Defendants, and it militates in favor of dismissal.  See Dozier v. Quest Diagnostics Inc., No. 09 Civ. 9941, 2010 WL 5396083, *2 (S.D.N.Y. Dec. 8, 2010) (recommending dismissal where defendant was prejudiced considerably by plaintiff's complete failure to respond to discovery requests), adopted by, 2010 WL 5396083

7

(S.D.N.Y. Dec. 29, 2010); United States ex rel. Roundtree v. Health and Hosps. Police Dep't Of New York, No. 06 Civ. 212, 2007 WL 1428428, *2 (S.D.N.Y. May 14, 2007) (dismissing lawsuit with prejudice because plaintiff had had no contact with defendant for "a significant period of time"); see also Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. Feb. 1, 1989) ("Prejudice to defendants may be presumed from the length of the delay.").

The Court's interest in judicial economy outweighs Defaulting Plaintiffs' interest in having an opportunity to be heard, and this factor weighs in favor of dismissal. Lediju v. New York City Dep't of Sanitation, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997) (dismissing claim for failure to prosecute where plaintiff "had been afforded every opportunity to litigate his claim"). Defaulting Plaintiffs have failed utterly to fulfill their responsibilities under the Federal Rules. It is clear that whatever interest in prosecuting this matter the Defaulting Plaintiffs may once have had, their months-long noncompliance of Judge Pitman's order demonstrates that interest no longer exists.

It is clear that less drastic sanctions would be insufficient in this case. Defaulting Plaintiffs have been given ample time and opportunity to respond to Defendants' requests and to comply with Judge Pitman's order. They have

8

failed to do so, and dismissal of their claims is appropriate. McNair v. Kelly, No. 08 Civ. 3439, 2011 WL 5547789, *3 (S.D.N.Y. Nov. 15, 2011) (recommending dismissal where defaulting party's "long-standing failure to prosecute" made "any lesser sanction . . . an exercise in futility") (citations omitted); Dozier, 2010 WL 5393482 at *3 (recommending dismissal where plaintiff's failure to produce any responses to discovery requests hindered defendant's ability to prepare for trial).

### III. Local 371

As to Local 371, it served its discovery requests one week after DC 37 served theirs. Defaulting Plaintiffs' responses were more than six months overdue when Local 371 filed its motion to dismiss, and they have now failed to participate in discovery for more than ten months. Moreover, Judge Pitman's warnings on January 20 certainly put Defaulting Plaintiffs on notice that they were in jeopardy of having their case dismissed if they did not comply with outstanding discovery requests.[3] And besides, in response to Plaintiffs' counsel's inquiry regarding her clients' intention to continue prosecution, six plaintiffs expressed a desire to discontinue the litigation and several others failed even to respond to the inquiry. In light of all the circumstances, the Court finds that there is sufficient

---

[3] The Court is aware that Judge Pitman's order did not contain specific reference to Local 371's discovery requests. However, the omission from Judge Pitman's order is meaningless to the instant inquiry.

evidence warranting dismissal of Defaulting Plaintiffs' claims against Local 371.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED. The Clerk of the Court is directed to terminate the motions (Dkt. 23, 36, 44), and to terminate this action as to Edwina Morgan, Clarieta Nelson, Berniel Berry, Harold Diaz, Calvin Porter, James Moore, Eddie Liles, Mary Flowers, and Charles Schweitzer, only.

SO ORDERED:

_/s/ Barbara S. Jones_
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         December 5, 2011